# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

ROBERT GAMEZ SANCHEZ, # 36309-208 :

    Petitioner                                    :

          v.                                   :          Civil Action No. CCB-10-1585

JOE COAKLEY, Warden                 :

    Respondent                                :

o0o

# MEMORANDUM

Pending is Robert Gamez Sanchez's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Counsel for Respondent[1] has filed a motion to dismiss or, in the alternative, for summary judgment, to which Sanchez filed a reply. The matter is fully briefed and ready for disposition; a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For reasons that follow, respondent's motion for summary judgment shall be GRANTED.

## BACKGROUND

Sanchez, who is self-represented and is incarcerated at FCI- Cumberland, pleaded guilty to one count of possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) & 924(a)(2) and was sentenced to sixty months of imprisonment to be followed by a term of three years of supervised release. *See United States v. Sanchez*, Criminal Case No. CR-08-814-CKJ-BPV-1 (D. Az.).

---

[1] J.F. Caraway is currently Warden of the Federal Correctional Institution-Cumberland, and will be substituted for Joe Coakley as respondent. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495-500 (1973) (noting petitioner's custodian is the proper respondent in a habeas proceeding); Fed. R. Civ. P. 25(d).

A. Petitioner's Claims

Sanchez is challenging the calculation of his sentence by the Federal Bureau of Prisons (BOP). He asserts that he has been improperly denied credit on his federal sentence computation and, as a result, is serving three extra years of incarceration. Additionally, Sanchez claims that the BOP has improperly calculated his federal sentence to run consecutively with his state sentence.[2] He contends that the BOP lacks authority to determine the order of his state and federal sentences and that he is entitled to time served credit because the lodging of a federal detainer against him prevented him from making bail on his state charge. Lastly, Sanchez claims the BOP abused its discretion by denying his request for a retroactive or "nunc pro tunc"[3] designation. ECF No.1, Petition at 4-7.

B. Facts

The following dates are not in dispute. On July 25, 2006, Tucson Arizona Police arrested Sanchez for theft and misconduct involving a weapon. On August 1, 2006, while incarcerated at the Pima County Adult Detention Center, Sanchez was arrested on a state warrant for a June 26, 2006 burglary. ECF No. 9, Ex. 1, Attachment A. On August 2, 2006, the charges for theft and misconduct involving a weapon were dismissed. *Id.*

On August 23, 2006, a complaint was filed in the United States District Court for the District of Arizona, charging Sanchez as a felon in possession of firearm and ammunition. A federal arrest warrant was issued.

---

[2] Sanchez avers that at his federal sentencing the judge stated that "it would be left up to the last sentencing judge to run sentences (state/federal) concurrent or consecutive. Never mentioned, even if judge ordered concurrent sentences . . . I would still be required to serve consecutive sentences." Petition, p. 4.

[3] Nunc pro tunc permits acts to be done after the time they should have been and is translated from Latin as "now for then."

On July 23, 2008, an application and order for a writ of habeas corpus *ad prosequendum* was issued for Sanchez to appear in federal court on August 14, 2008. On August 18, 2008, Sanchez was ordered detained pending trial.

On May 28, 2009, the United States District Court for the District of Arizona sentenced Sanchez to sixty months incarceration with credit for time served. The judgment and conviction order was silent on whether the federal sentence was to be served concurrently with Sanchez's impending state sentence. ECF No. 9, Exhibit 1, Attachment D.

On June 4, 2009, the U.S. Marshal returned Sanchez to Pima County custody. ECF No. 9, Exhibit 1, Attachment E.

On July 22, 2009, Sanchez was sentenced by the Arizona Superior Court, Pima County, to 3 ½ years incarceration for burglary in Case No. CR20062759. The state court specified Sanchez's state sentence was to run concurrently to his federal sentence. The state court specified that the sentence commenced on July 22, 2009, and credited Sanchez for 1,086 days served prior to sentencing. ECF No. 9, Exhibit 1, Attachment F.

On July 30, 2009, Sanchez was paroled to the federal detainer. ECF No. 9, Exhibit 1, Attachment G. On August 11, 2009, he was taken into the custody of the U.S. Marshal to begin his federal sentence.

The BOP calculated Sanchez's sentence as beginning on July 30, 2009, the date of his release from his state sentence. No prior custody credits were awarded towards his federal sentence. Sanchez was given a projected release date of December 30, 2013, based on the accrual of 211 days of good conduct time. ECF No. 9, Exhibit 1, Attachment I.

On November 17, 2009, Sanchez filed an Administrative Remedy request for credit beginning July 25, 2006, toward his federal sentence. The BOP considered the request for pre-sentence credit as a request for a "nunc pro tunc" designation.[4] On June 8, 2010, a "Barden Request Information Worksheet" was completed to determine whether Sanchez met the requirements for pre-sentence credit consideration. ECF No. 9, Exhibit 1, Attachment K.

On January 15, 2009, the BOP sent a letter to the Honorable Cindy K. Jorgenson, United States District Judge for the District of Arizona, to obtain the court's position concerning a retroactive ("nunc pro tunc") designation. On March 5, 2010, the BOP received an e-mail from the U.S. Probation Office, in which it was stated that the sentencing judge took no position on the inmate's request. ECF No. 9, Exhibit 1, Attachments L and M.

Sanchez's request for retroactive designation was subsequently reviewed and denied based on three of the five factors enumerated under 18 U.S.C. § 3621(b). The denial was based on factor two, the nature and circumstances of the offense; factor three, the history and characteristics of the prisoner; and factor four, any statement by the sentencing court. ECF No. 9, Exhibit 1, Attachment N. Sanchez appealed the decision through the administrative remedy process and the denial was affirmed.

## STANDARD OF REVIEW

Fed.R.Civ.P. 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any

---

[4] In *Barden v. Keohane*, 921 F.2d 476, 478 (3rd Cir. 1990), the court ruled that the government can retroactively designate a state facility for service of a federal sentence.

factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all reasonable inferences in [the nonmovant's] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Medical Center, Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## DISCUSSION

Authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). A federal sentence to a term of imprisonment begins "on the date the defendant is received in custody awaiting transportation to… the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Prior custody credit is governed by 18 U.S.C. § 3585(b) which

5

provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

Where, as here, an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. *See United States. v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (explaining the principle of primary jurisdiction as set forth in *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)). Where a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence "commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Evans*, 159 F.3d at 912.

Further, when a state exercises primary jurisdiction over a defendant, issuance of a detainer or a writ of habeas corpus *ad prosequendum* by federal authorities does not change the defendant's primary jurisdiction status. *See Thomas v. Whalen*, 962 F.2d 358, 360-61 (4th Cir. 1992). The writ of habeas corpus *ad prosequendum* specifically recognizes the state's primary jurisdiction and the intention of the federal authorities to "borrow" the defendant for court proceedings and return the defendant to state custody to complete his state sentence. *Id.* at 361 n. 3. "Principles of comity require that when the writ of habeas corpus *ad prosequendum* is satisfied, the receiving sovereign return the prisoner to the sending sovereign." *Evans*, 159 F. 3d at 912.

A.      Primary Jurisdiction

In this case, Arizona obtained primary jurisdiction over Sanchez as the first arresting sovereign. Sanchez was delivered to federal authorities for the purpose of answering to the federal charge pursuant to a writ of habeas corpus *ad prosequendum*. Such writs have no effect on jurisdictional priority. *See Thomas*, 962 F.2d at 361 n. 3. Sanchez remained in state custody when he was "borrowed" by federal authorities on a writ of habeas corpus *ad prosequendum* to appear for arraignment on federal charges. *See id.* (observing that a prisoner appearing in federal court pursuant to the writ is "on loan" to federal authorities). The lodging of the federal detainer against Sanchez while he was in state custody demonstrates federal recognition of the state's primary jurisdiction over him.

B.      Credit for Time Served

Sanchez was credited by the state court for jail time served prior to his state sentencing. Thus, to the extent Sanchez requests that time served should be credited to his federal sentence as well, his request seeks impermissible double counting of the same time. *See* 18 U.S.C. § 3585(b)(2) *see also Wilson*, 503 U.S. at 337 (stating "Congress made clear that a defendant could not receive a double credit for his detention time."). Further, 18 U.S.C. § 3585(a) provides that a federal sentence commences on the date a defendant is received into custody. Thus, the BOP properly commenced Sanchez's sentence on July 30, 2009, the date on which he was received into federal custody after his release by the state of Arizona. There is no factual or legal support for Sanchez's assertion that his federal sentence was imposed to run concurrently. The order of judgment and conviction is silent on how the state and federal sentences were to run, and, when

the BOP contacted the federal sentencing court, the court took no position.[5]

C. Credit for Bailable Offense

Sanchez argues that he is entitled to presentence credit on his federal sentence because, he claims, he would have been released on bail from the state charge but for the federal detainer placed against him. As noted above, Sanchez was credited with time served toward his state sentence, and this time may not be credited a second time against his federal sentence. The express terms of 18 U.S.C. 3585(b) preclude crediting Sanchez on his federal sentence for this time period because it has already been credited against his state sentence. *See* 18 U.S.C. 3585(b)(2).

D. Retroactive Designation

Under certain circumstances, a federal sentence may commence prior to the date federal authorities gain physical custody of the defendant. *See* 18 U.S.C. § 3621(b) (the BOP has the authority to designate the place of a prisoner's confinement); *Barden,* 921 F.2d at 478 (a federal sentence may commence for a defendant who is already in state custody if the BOP or Attorney General agrees to designate a state facility for service of the federal sentence).[6] Thus, where a

---

[5] 18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The federal sentencing court could not have ordered the federal sentence to run concurrently to a state sentence because the state sentence did not exist at the time of the federal sentencing. Section 3584(a) "does not permit the court to decide whether any future sentence would be consecutive or concurrent to [the sentence imposed]." *United States v. Smith*, 472 F.3d 222, 226 (4th Cir. 2006); *see also Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000) ("[T]he final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General (or the state judge) rather than the federal judge.").

[6] The BOP has broad discretion where to house prisoners subject to five factors: 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any statement by the court that imposed the sentence-A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. *See* 18 U.S.C. § 3621(b).

<mark>8</mark>

federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made whereby the BOP designates a state facility as the place for service of a federal sentence. *See Evans*, 159 F.3d at 911-12. Although the BOP must consider a prisoner's *nunc pro tunc* request, it is not obligated to grant such a request. *See Barden*, 921 F.2d at 478.

The BOP considered Sanchez's request, applied the facts presented to factors enumerated in 18 U.S.C. § 3621(b), and contacted the sentencing court for its position. After review, the BOP determined *nunc pro tunc* designation was inappropriate and denied Sanchez's request. The BOP has done all that is required and did not violate Sanchez's right to due process; there is no basis for habeas relief.

## CONCLUSION

Sanchez's claims that his federal sentence was improperly calculated lack merit. In the absence of any genuine issue of material fact, respondent is entitled to judgment as a matter of law and summary judgment will be entered in his favor. A separate order follows.

January 28, 2011                                          _____/s/_____
Date                                                                  Catherine C. Blake
                                                                              United States District Judge